## MARSH et al. *v.* SMALL et al.

Where a check on a banker is received in payment during banking hours of the day on which it was drawn, in the usual course of business, and under circumstances not calculated to excite suspicion, and no negligence is shown from which bad faith can be inferred, the holder may recover the amount against the drawer, though the check was lost by, or stolen from, the real owner.

APPEAL from the Fourth District Court of New Orleans, *Strawbridge*, J. T. R. *Wolfe*, for the plaintiffs, cites Chitty on Bills, ed. 1839, p. 277, and notes. Story on Bills, sec. 207 and notes. Story on Notes, sec. 137, and notes. *Dufour*, for the appellants, cited Chitty on Bills, p. 278 to 284. 13 La. 216, 217, contending that plaintiffs, by taking a check from a person of whom they

knew nothing, and about whom they made no enquiry, were guilty of negligence. The judgment of the court was pronounced by

KING, J.   This suit is instituted upon a check, drawn by the defendants, payable to the bearer.   The defence is that, the check was lost, and received by the plaintiffs incautiously, not in the usual course of trade, and under circumstances of suspicion which should have excited enquiry.   A judgment was rendered in favor of the plaintiffs in the court below, and the defendants have appealed.

It appears that the bearer of the check lost it about 11 o'clock in the morning, and immediately stopped its payment at the banking house on which it was drawn, and gave public notice of the loss.   At about 2 o'clock of the same day, a stranger presented himself at the commercial house of the plaintiffs, purchased a lot of rosin for about $13, and offered payment in western country bills, which were refused.   The stranger then produced the check in question, saying that it was all the money he had.   It was received, and, after deducting the price of the rosin, $72 80 in cash, and a check for $270, were returned to the stranger.   Upon presenting the check now in suit, payment was refused by the banker.   The plaintiffs thereupon stopped the payment of the check which they had given, warned the public by notices inserted in a newspaper not to receive it, and took possession of the rosin.   The check given by the plaintiffs had not been paid, nor had it reappeared up to the date of the trial in the lower court.

The only question presented is, whether the plaintiffs took the check under circumstances which precluded a recovery.   It was received by them in the usual course of their business, and in payment of a debt contracted at the time. The circumstances under which it was offered were not such as to excite suspicion, nor put the plaintiffs on enquiry whether the person presenting it was the *bona fide* holder.   The receipt of checks drawn by others than the holders in payment of merchandize, appears to be of daily occurrence.   The judge states that one of the witnesses deposed that he had received as many as thirty such in one day.   If this be true, they constitute a large proportion of the circulating medium used in the daily trade of the city.   When this universal usage is considered, the offer of such a check would not of itself necessarily excite the enquiry of the most prudent and cautious.   The further fact that bills of western banks were first offered in payment, and that the check was only offered as an alternative when the bills were refused, was well calculated to disarm suspicion.   No negligence has been disclosed from which bad faith can be inferred ; and, in such cases the holder is to be protected, although the note or check may have been lost or stolen.   Story on Promissory Notes, ss. 197, 382, and the authorities there cited.

In the court below, the parties consented that the equity of the case should be gone into, and the judge rendered a decree in favor of the plaintiffs for the amount of the check, to be satisfied by the defendants reimbursing to the plaintiffs the amount actually paid by them, and indemnifying them against the appearance of the check for $270, which fully meets the justice of the case.

Judgment affirmed.